ELIZABETH K. AKAI *v.* ANNIE K. LEWIS.

No. 2598.

Filed July 25, 1946.                    Decided July 29, 1946.

Kemp, C. J., Peters and Le Baron, JJ.

*Per Curiam.* The petition for rehearing of the defendant-appellant asserts that in reaching its decision the court overlooked the well-established rule of statutory construction to the effect that where a law is plain and unambiguous the court cannot look beyond the words used by the legislature in construing it and, because of such oversight, "erroneously held that the division of land described by the evidence in this case, was not within the definition of 'subdivision' as used in Ordinance of the City and County of Honolulu, numbered 865."

Our holding that what was done in readjusting a division of the land owned by the respondent into two parcels with areas equal to the two lots into which the land was already divided is not within the definition of "subdivision" contained in the ordinance did not constitute looking beyond the words used by the legislature but was in strict compliance with another well-established rule of statutory interpretation to the effect that the lawmaking body's own construction of its language by means of definitions of the terms employed supercedes the commonly accepted, dictionary or judicial definitions.

The petition for rehearing erroneously asserts that the court "erred in restricting and modifying the definition of the term 'subdivision' as defined" in the ordinance. This we did not do. We adhered strictly to the definition contained in the ordinance.

Two other allegations of the petition presumably intended as grounds for a rehearing are (1) that the decision of this court is final from which no appeal can be prosecuted, and (2) that the decision will materially affect the public interest in that the control of subdivisions of land within the City and County of Honolulu, not included within the master plan of Honolulu by the planning commission of the City and County of Honolulu, will be seriously jeopardized.

The alleged consequences and effect of our decision are not grounds for refusal to adhere to the plain meaning of the ordinance. (*Estate of Castle*, 25 Haw. 108, 118.)

The petition is denied without argument, under the rule.